**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

REBECCA SOMOGY

      Plaintiff,

vs.                                       CASE NO. 3:08-cv-269-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## OPINION AND ORDER

This case is before the Court on Plaintiff's Petition for Attorney's Fees (Doc. #20, Petition), filed June 1, 2010.  Plaintiff's counsel initially requested an award of $13,468.76 in attorney fees, $321.83 in expenses and $805 in costs pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA), 28 U.S.C. § 2412 (Doc. #20 at 1).  Defendant opposed the Petition as a whole (Doc. #23, Opposition).  Subsequently, Plaintiff's counsel sought and was given leave to file a reply brief to Defendant's opposition.  Plaintiff's Reply to Defendant's Opposition to Plaintiff's Petition for Attorney Fees (Doc. #29, Reply) was filed on July 28, 2010.  Plaintiff's counsel seeks an additional $1,252.51 under the EAJA for the time spent in preparation of the motion to reply and the reply brief itself (*see* Doc. #29-1).  Defendant was given leave to file a sur-reply, but to date, has not filed any response to the Reply.  Thus, this matter is ripe for the Court's ruling.

## The Government's Position

Defendant strenuously argues Plaintiff is not entitled to the EAJA fees in this matter because the position of the Commissioner was substantially justified.  In making this

argument, Defendant correctly notes it is plausible to have taken a position in the litigation that was substantially justified, yet still "lose." *See Pierce v. Underwood*, 487 U.S. 552, 569 (1988). Defendant further argues the decision of this Court to affirm the ALJ's decision stands as support that the Defendant's position was substantially justified (Doc. #23 at 6). Defendant is correct in this assertion.

The view expressed by another court is one of the factors that may be considered when determining whether the government was substantially justified. *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988). The Court may also consider: (1) the state at which the litigation was resolved; (2) the legal merits of the government's position; (3) the clarity of the governing law; (4) the foreseeable length and complexity of the litigation; and, (5) the consistency of the government's position. *Id*. In the end, the Court may determine in its discretion whether the government was substantially justified to have litigated its case in the manner undertaken. *See, e.g., id.* at 767-68; *Spruil v. Bowen*, 691 F.Supp 302, 307 (M.D. Fla. 1988) (the court must exercise its independent judgment).

Under the EAJA, the government bears the burden of proving its position was substantially justified by showing that its case had a reasonable basis in law and a reasonable basis in fact. *Jefferson v. Bowen*, 837 F.2d 461, 462 (11th Cir. 1988) (per curiam). In this instance, Defendant failed to meet its burden. The case was appealed to the Eleventh Circuit on an issue that was raised by Plaintiff's counsel to this Court. Upon consideration, the Eleventh Circuit found the Commissioner, vis-a-vis the administrative law judge (ALJ), failed to apply the proper legal standards in evaluating the opinion evidence from one of Plaintiff's treating physicians. *See Somogy v. Comm'r of Social Security*, 366

2

Fed. Appx. 56, 64-65 (11th Cir. 2010).  The case was remanded for further administrative proceedings to correct this error.

On the facts of this case, the Court may have agreed with the Commissioner's reasoning in finding Plaintiff was not disabled under the Social Security Act, but in light of the ruling from the Eleventh Circuit it cannot agree the position of the Commissioner with respect to evaluation of the medical opinion evidence was substantially justified. Notwithstanding the ruling of this Court, the Eleventh Circuit used current case law to clarify a nuance in the law with respect to fibromyalgia disability cases.  *See id.*  The Court finds attorney fees pursuant to the EAJA are authorized in this action.

Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). The Commissioner's position regarding the defense of the ALJ's decision to discount a physician's opinion evidence in this case was not substantially justified.  Review of the docket in this case reveals Plaintiff's counsel filed a timely application for attorney fees and nothing in the record indicates Plaintiff had a net worth of more than $2,000,000 at the time the complaint was filed.  There are no special circumstances which would make an award of the EAJA attorney fees unjust.  *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

**The Hourly Rate**

In considering a request for attorney fees under the EAJA, the amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor"

3

justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A).  It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the cost of living index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the court's discretion.  *Id.*

Two separate attorneys were involved in Plaintiff's litigation of this case, first at the district court and then at the court of appeals.  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A). Given the level of expertise of Plaintiff's counsel and this Court's knowledge of the prevailing market rates within the Jacksonville, Florida area, the Court finds an enhancement of the statutory rate, commensurate with inflation, is warranted.  *See Jean v. Nelson*, 863 F.2d at 773-74 ("the district court must determine the prevailing market rates for services of the kind and quality provided").  In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed.  *See Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 710-13 (D.C. Cir. 1997); *see also, Gates v. Barnhart*, 325 F.Supp.2d 1342, 1345-48 (M.D. Fla. 2002).

In this instance, Plaintiff has requested attorney fees under the EAJA be paid at a rate of $172.85 per hour for services in 2008, $172.24 per hour for services in 2009 and

4

$173.96 for services rendered in 2010.  Upon review of the Consumer Price Index, as calculated by the Federal Reserve Bank of Minneapolis, the Court finds Plaintiff's counsel has overstated what would be a reasonable hourly fee in each of the years for which legal services were given.  When factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA, the Court finds $171.45 per hour for services in 2008, $170.89 per hour for services in 2009 and $173.76 per hour for legal services given in 2010 represent the upper end of reasonable hourly fees for these years.[1] In making this determination, the Court has considered not only the Consumer Price Index, but also the  hourly rates that have been presented to this Court by attorneys within the Middle District of Florida for compensation under the EAJA during the years requested in this Petition.  In the Court's experience, the prevailing market rate for attorneys litigating Social Security appeals in federal court does not exceed, and oftentimes is somewhat less than, the statutory rate plus an enhancement for inflation as shown by the Consumer Price Index.

**The Number of Hours**

The Supreme Court has clearly stated, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[2]  Thus, in conjunction with its determination of a reasonable hourly rate, the Court

---

[1]The Court arrived at its conclusions by visiting the following website: www.minneapolisfed.org (last visited January 18, 2011).

[2]The Court recognizes the *Hensley* case addressed attorney fee questions under 42 U.S.C. § 1988, but notes that attorney fees under section 1988 and under the EAJA have been

(continued...)

must determine the number of hours reasonably expended on the case.  *See Hensley v.
Eckerhart*, 461 U.S. at 434; *Norman v. Housing Authority of City of Montgomery*, 836 F.2d
1292, 1301 (11th Cir. 1988).  The total of 22.7 hours sought by Plaintiff's first attorney for
representation before this Court falls squarely within the range of hours the Court typically
sees expended in federal litigation of a Social Security appeal.  However, the request for
compensation of 62.6 hours (52.9 hours for legal representation at the Eleventh Circuit, 2.5
hours to prepare the Petition for the EAJA fees, and 7.2 hours for preparation of a motion
to reply and a reply brief) made by Plaintiff's second attorney of record, appears, at first
glance, to be extremely high.

Under the EAJA, the hours claimed by the plaintiff's counsel must have been
rendered in service related to the civil action brought in federal court.  *See Watford v.
Heckler*, 765 F.2 1562, 1568 (11th Cir. 1985).  In this case, there is no challenge that the
number of hours expended were not related to the federal litigation.  Having determined the
Commissioner's position was not substantially justified in the case, the question for the
Court lies in the claimed number of hours, which is far and above any claims heretofore
submitted to the undersigned.  In total, Plaintiff seeks eighty-five and three tenths (85.3)
hours be paid for her attorney fees under the EAJA.

In seeking compensation for hours expended in litigation compensable under the
EAJA, the fee applicant must exercise the "billing judgment" referenced in *Hensley v.*

---

$^{2}$(...continued)
construed as similar fee shifting provisions that serve the same purposes.  *See Celeste v.
Sullivan*, 988 F.2d 1069, 1070 (11th Cir. 1992).  In fact, the Eleventh Circuit has stated,
"[t]he Equal Access to Justice Act is the counterpart to § 1988 for violation of federal rights
by federal employees." *Id.* (internal quotes and citation omitted).

*Eckerhart*, 461 U.S. at 434.  "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Id.* (internal quotes and citation omitted) (emphasis omitted).  Applicants for the EAJA fees may seek compensation only for those hours that may be "conscionably billed" and "must exclude excessive, redundant, or otherwise unnecessary hours, i.e., hours that would be unreasonable to bill to a client."  *Gates v. Barnhart*, 325 F.Supp.2d at 1348; *see also Sanfilippo v. Comm'r of Social Security*, No. 08-14203, 2009 WL 1532039, *3 (11th Cir. Jun. 3, 2009);[3] *Spruil v. Bowen*, 691 F.Supp. at 307.  In other words, the fee applicant must supply the court with specific and detailed evidence from which the court can determine the time spent on different claims and activities in the litigation of the case.  *American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).   It is counsel's burden to establish entitlement to the EAJA fees.  *Id.*

   In this case, Plaintiff's attorneys have sufficiently delineated how their time was spent in prosecution of Plaintiff's claims (*see* Doc. #20 at 4-5).  In review, the Court finds the hours expended were reasonable in relation to the legal tasks at hand, and there is no evidence any of the hours were padded to generate a larger fee.[4]  *See Stewart v. Sullivan*,

---

[3]Unpublished opinions may be cited throughout this order as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

[4]The Court does note, however, there was a discrepancy in reporting the number of hours spent on August 16, 2009 to continue drafting the reply brief for the Eleventh Circuit (*see* Doc. #20 at 7, on which 8.1 hours were attributed to this task; *and compare to* Doc. #20 at 5, on which 7.6 hours were reported for this same task).  The discrepancy appears to be with the one half (.5) hour recorded as spent in review of the Eleventh Circuit's decision on
(continued...)

810 F.Supp.1102, 1107 (D. Haw. 1993) (upon finding no evidence of "padding" the court determined to award the EAJA attorney fees for the total 110.28 hours requested). Although the Court might question whether time spent making telephone calls and sending email to the U.S. Attorney's office should be categorized as attorney hours versus clerical time, the claimed increments of time are so small as to be inconsequential.

Setting aside, for the moment, counsel's request for the time spent on this case after submission of the EAJA Petition (Doc. #20), the Court finds the overall number of hours stated in the Petition are reasonable for the legal services rendered.  Plaintiff's counsel prepared a standard complaint to bring this action in district court and drafted a nearly thirteen (13) page memorandum in opposition to the Commissioner's decision to deny her client disability benefits (*see* Docs. #1, #13).   Upon deciding to take this case to the Eleventh Circuit Court of Appeals, Plaintiff's new counsel drafted and filed a initial appellant brief containing  forty-four (44) page followed by a ten (10) page appellant reply brief.[5]  The briefing before the Eleventh Circuit was successful in having this case remanded to the Commissioner for additional administrative proceedings on an issue raised to this Court. For the appellate work, Plaintiff's counsel seeks fifty-two and nine tenths (52.9) hours of compensation.  Counsel's claims for 22.7 hours of initial work at the district court level and 52.9 hours at the circuit court of appeals are reasonable.

---

[4](...continued)
February 16, 2010, which is reported on one schedule and is missing from the other schedule.  (*Id.*).  Nonetheless, the Court's math agrees with that of Plaintiff's counsel regarding the total number of hours reported.  The undersigned does not find this discrepancy to be significant.

[5]Including all tables and cover sheets, the initial appellant brief totaled fifty-three (53) pages and the reply brief totaled thirteen (13) pages.

A number of courts have found similar, and even larger, amounts of time were reasonably expended and compensable under the EAJA.  For example, in *Meyer v. Sullivan*, 958 F.2d 1029, 1032 (11th Cir. 1992), the court noted *in dicta* that the district court found Meyer's attorneys "handled a difficult case" and the number of hours requested under the EAJA was "reasonable."  *Id.*  In *Meyer*, three attorneys represented that plaintiff at the district court and sought the EAJA fees for a combined total of 123.05 hours.  *Id.*  In *Cameron v. Barnhart*, 47 Fed. Appx. 547 (10th Cir. 2002), the court, over the Commissioner's objections and contrary to the finding of the district court, found that a total of seventy-three and four tenths (73.4) hours for legal work expended on the case at the district court and the circuit court of appeals was reasonable. In the more recent matter of *Sanfilippo v. Comm'r of Social Security*, the Eleventh Circuit agreed with the district court, which found 41.225 hours were reasonable for representation of that Social Security appeal at the district court.  *See Sanfilippo v. Comm'r of Social Security*, No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836 (M.D. Fla. May 5, 2008), *aff'd* 2009 WL 1532039 (11th Cir. Jun. 3, 2009).[6]

What is reasonable under the EAJA is wholly dependent upon the particular facts of each case.  *See Hensley v. Eckerhart*, 461 U.S. at 429.  In the matter of *Crosby v. Halter*, 152 F.Supp.2d 955 (N.D. Ill. 2001), the case on it merits was affirmed at the district court level, appealed to the Seventh Circuit, and ultimately remanded for further

---

[6]In *Sanfilippo*, counsel sought EAJA compensation for 119 hours.  *Sanfilippo v. Comm'r of Social Security*, 2008 WL 1957836 at *1.  In decreasing the number of hours sought to 41.225 hours reasonably expended, the court specifically noted the inferior quality of the plaintiff's brief, among other factors in its decision.  *See generally, Sanfilippo v. Comm'r of Social Security*, 2008 WL 195786.

administrative proceedings.  When the plaintiff petitioned for fees under the EAJA totaling $24,827.86 as compensation for two attorneys, the Court granted the petitions finding "the time spent was reasonable, the hourly rate proper, and the work product professional." *Id. at* 962.  In a case that the district court remanded to the administrative level, then reopened and remanded a second time, the court found eighty-seven and one half (87.50) attorney hours were reasonably expended by the plaintiff's counsel in the litigation of the case, and were thus compensable under the EAJA.  *See Sorich v. Shalala*, 838 F.Supp. 1354 (D. Neb. 1993).   In *Walton v. Massanari*, 177 F.Supp.2d 359 (E.D. Pa. 2001), the court awarded the EAJA fees for 180.1 attorney hours in a case that was litigated at the district court, then heard by the Court of Appeals for the Third Circuit before it was remanded to the Commissioner of Social Security.  Here, this Court finds seventy eight and one tenth (78.1) hours of the eighty-five and three tenths (85.3) hours sought were necessary and reasonably expended.  The briefing at the district court and the Eleventh Circuit was of good quality and reflected the experience and expertise of the attorneys involved.

**Reply Brief to the EAJA Petition**

In addition to the two and one half (2.5) hours sought in relation to the preparation and filing of the EAJA Petition (Doc. #20),  Plaintiff's counsel seeks compensation of $1,252.51 for seven and two tenths (7.2) hours expended seeking leave to file a brief in reply to Defendant's stated opposition to the requested the EAJA fees, and to actually draft and file the reply brief (Doc. #29).  Upon consideration, the Court finds this time was not reasonably expended in the litigation.  The Court did not request submission additional authority or statement of facts, and did not find the reply brief (Doc. #29) was necessary

to assist the Court in reaching its decision.  Furthermore, precedent exists within the Middle District of Florida to disallow payment pursuant to the EAJA for this type of request.

In *Spruil v. Bowen*, a court within our own Division of the Middle District of Florida determined all hours claimed for the reply brief filed in response to the Commissioner's objections to the plaintiff's petition for the EAJA fees should be disallowed.  *See Spruil v. Bowen*, 691 F.Supp. at 307.  In rejecting the attorney hours expended on the reply brief, the court noted the Local Rules discourage reply memoranda that are not requested by the court and counsel's decision to seek permission to file one is a decision that should not be billed to the defendant. *Id*.  In essence, the *Spruil* court noted, and this Court agrees, the contest in fees for seeking fees should not become another litigation on top of the merits litigation. *Id*.

## Expenses and Costs

In this case, Plaintiff's counsel seeks $321.83 in expenses reportedly payable under the EAJA (Doc. #20 at 6).  These expenses break down as $77.58 in Federal Express charges and $244.25 in copying costs.  Counsel also seeks reimbursement of filing fees totaling $805.  Specific provision is made in the Equal Access to Justice Act for the reimbursement of filing fees under 28 U.S.C. § 2412(a)(2).  The question of which expenses, outside the filing fee, may be covered by the EAJA has resulted in differing opinions on the subject from various courts throughout the nation.

In a relatively recent case from the Ocala Division of the Middle District, the court stated postage fees were not recoverable under the EAJA.  *Yermal v. Astrue*, No. 5:08-cv-529-Oc-GRJ, 2009 EL 4042919, *2 (M.D. Fla. Nov. 23, 2009).  Yet, in *Ward v. Halter*, No. Civ.A. 99-1062-BH-L, 2001 WL 392657 (S.D. Ala. Apr. 10, 2001), that court found copying

charges at $.15/ page, Federal Express charges of $25.07 and $7.75 in mileage expenses were compensable under the EAJA, "considering how minimal the expenses were."  *Id.* at *5.

In *Sorich v. Shalala*, discussed *supra,* the court could not determine if copying costs were justified, and thus denied the request for expenses.  *Sorich v. Shalala*, 838 F.Supp. at 1360, 1362.  However, in 2001, the *Walton* court in the Eastern District of Pennsylvania decided to award $463.72 in costs "for filing the complaint, filing the appeal, copying costs and service costs," in part because the Commissioner made no formal objection to the request. *Walton v. Massanari*, 177 F.Supp.2d at 365.  In *Levesque v. Barnhart*, No. 01-189-B, 2002 WL 1585527 (D. Me. Jul. 17, 2002), the court noted its history of allowing copying costs pursuant to the EAJA, but not postage.  Because the fee applicant failed to separate copying from postage into distinct expense categories, the *Levesque* court disallowed the request for $43.95.  *Id.* at *3.  In 2006, the Northern District of Illinois agreed to award $26.10 in unspecified photocopying costs, *see Porter v. Barnhart*, No. 04 C 6009, 2006 WL 1722377 (N.D. Ill. Jun. 19, 2006), while in 2002 the Middle District of Florida disallowed charges for copying the transcript, *see Gates v. Barnhart*, 325 F.Supp.2d at  1349.  However, our sister court in the Southern District of Florida awarded reasonable copying costs and postage to an EAJA fee petitioner in 2008.  *See Morla v. Astrue*, No. 07-21616-CIV, 2008 WL 4487681(S.D. Fla. Oct. 1, 2008).

As a general matter, the undersigned finds copying charges are considered overhead costs and are not reimbursable.  *See Sanfilippo v. Comm'r of Social Security,* No. 8:04-CV-2079-T-27MSS, 2008 WL 1957836 (M.D. Fla. May 5, 2008) (finding copying charges that plaintiff did not specify were necessarily obtained for use in the case were not

12

taxable under the EAJA), *aff'd* 2009 WL 1532039 (11th Cir. Jun.3, 2009); *see also, Gates v. Barnhart*, 325 F.Supp.2d at 1349.  However, this Court's practice of disallowing copying costs under EAJA has, to this point, been limited to cases that did not proceed to the circuit court of appeals.  In this case, Plaintiff's counsel reimbursement for copying costs of $244.25 for 977 pages copied at $.25 per page.

When appealing a case to the Eleventh Circuit, the appellant is required to file an original and six (6) copies of the brief.  *See* 11th Cir. R. 31-3.  In the matter of an appeal to the circuit, the appellant may file a brief in reply to the appellees brief, as a matter of right.  *See* Fed. R. App. P. 28(c); 11th Cir. R. 28-1.  Plaintiff's counsel in the instant matter filed an initial brief, totaling fifty-three (53) pages, including the cover page, the table of authorities and the table of contents.  Plaintiff's counsel also filed a reply brief with the Eleventh Circuit that, including all parts, totaled thirteen (13) pages.

On the one hand, the copying costs associated with the required filings circuit courts of appeal are routine expenses for any attorney practicing appellate law and may, therefore, be viewed as normal overhead costs.  On the other hand, Social Security disability appeals to the circuit courts are somewhat unique, given the contingent nature of the actions and the oftentimes impecunious nature of the plaintiffs who may have been unemployed for an extended period of time.  In many civil actions,  the prevailing party may recover the costs of copying documents, unless otherwise proscribed by another statute, to the extent the copies were "necessarily obtained for use in the case."  20 U.S.C. § 1920(4); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622-23 (11th Cir. 2000) ("in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue); *see also Smith v.*

*CA, Inc.*, No. 2009 WL 536552 (M.D. Fla. Mar. 3, 2009) (copying costs may be taxable under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920 if copies of papers were necessarily obtained for use in the case). Moreover, some authority exists to award a prevailing party the costs for copying documents that are prepared for the court's consideration. *See Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1335 (S.D. Fla. 2009). As discussed above, authority exists to allow and to disallow copying costs as compensable EAJA expenses. In the matter of this case, in which the Social Security appeal to the circuit was brought on precisely one of the same issues raised at the district court, and in which the plaintiff prevailed at the Eleventh Circuit, the undersigned finds the costs of copying appellant briefs, to the extent required by the court, are compensable expenses under EAJA.

Plaintiff's counsel has requested copying costs for the initial brief, the reply brief and for record excerpts. Counsel's record reflects 737 pages of the copies were made of the initial and the reply briefs (Doc. #20 at 6) and 240 pages were for the record excerpts. Although the Court has no foundation from which to gauge the reasonableness of the number of pages copied from the record for submission to the Eleventh Circuit,[7] the Court does know the submitted briefs, including all parts, totaled 66 pages (53 pages for the initial brief + 13 pages for the reply brief). As preparation of the original briefs is akin to the briefing before this Court, any costs associated therewith are considered normal costs of doing business and constitute normal overhead. To the extent six copies of each brief were

---

[7]Rule 30-1 of the Eleventh Circuit Rules specifies which parts of the district court record must be copied and submitted. Rule 30-1 requires appellants to file five (5) copies of the record excerpts.

required submissions to the appellate court, the undersigned finds the prevailing party should be awarded reasonable costs incurred in making those copies.  In the experience of this Court, the local market rates for copying large legal documents ranges from $.10 per page to $.15 per page.  Therefore the Court will allow copying costs of the appellate briefs, and the record excerpts, at a rate of $.15 per page.  By the Court's calculation, the reasonable cost copies comes to $95.40.  The Court arrived at this figure by multiplying the 66 pages in the two briefs times 6 copies for a total of 396 brief pages at 15¢ per page, plus 240 record excerpt pages at 15¢ per page (396 + 240 = 636 pages x .15 =$95.40).

Some precedent does exist within the Eleventh Circuit to allow an award for expenses under the EAJA that includes postage fees.  In *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988), the court expressly rejected the government's argument that telephone, reasonable travel, postage, and computerized research were not compensable under the EAJA.  *Id.* at 777-78; *but see  Sanfilippo v. Comm'r of Social Security*, No. 08-14203, 2009 WL 1532039 (11th Cir. Jun. 3, 2009) (in which the court affirmed the underlying district court decision that denied the EAJA fee applicant's claim for copying and postage charges).  In this case, the Court recognizes that Federal Express charges may be considered akin to postage.  Unfortunately, Plaintiff's counsel failed to provide any detail as to what was sent via Federal Express, to whom the Federal Express package was sent, and why the more costly option of using Federal Express rather than the United States Postal Service to mail a parcel was necessary.  Therefore, the Court will not award the claimed Federal Express charges.  *Cf. Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir. 1988) (disallowing the "extraordinary expense" of express mail materials to meet court deadlines).

**Payment of the EAJA Fees**

Plaintiff's appellate counsel has requested any awarded EAJA fees be paid directly to her (Doc. #20-2).  In support of this request, Plaintiff's counsel provided a copy of a document entitled "Equal Access to Justice Act (EAJA) Assignment" (Doc. #20-1, Assignment), which assigns Plaintiff's right to such payments to attorneys Mark Weaver and Sarah Bohr.[8]

The Supreme Court recently held in the case of *Astrue v. Ratliff*, that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses.  *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010); *see also, Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988) (the Eleventh Circuit awarded the EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA).  The decision of the Eleventh Circuit in *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute.  The *Reeves* court succinctly stated the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736.

The Supreme Court's ruling in *Ratliff* is also in accord with the precedent within the Eleventh Circuit in finding an award of the EAJA attorney fees may be offset by the government where the plaintiff owes pre-existing debts to the United States.  *See Astrue*

---

[8]The Court is unsure if Mr. Weaver represented Ms. Somogy before the Social Security Administration during the administrative proceedings.  Mr. Weaver is not counsel of record in the case before this Court.

*v. Ratliff*, 130 S.Ct. at 2524; *also see*, *Reeves v. Astrue*, 526 F.3d at 732 n.3 (finding the EAJA attorney fee award was subject to the plaintiff's debt under the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a)); *and see*, 31 C.F.R. § 285.5 (detailing the centralized offset of federal payments to collect nontax debts owed to the United States).

*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice may continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.  *Astrue v. Ratliff*, 130 S.Ct. at 2528-29.  Neither *Panola* nor *Reeves* squarely addresses the payment of the EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney.

In light of *Ratliff,* this Court finds the best practice is to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.  The Court leaves it to the discretion of the government to accept Plaintiff's assignment of the EAJA fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt.

Plaintiff makes a claim for reimbursement costs incurred filing the complaint in this action.  As the Plaintiff's Assignment (Doc. #20-1) contains no reference to assignment of reimbursable costs, Plaintiff's counsel is directed to reimburse Plaintiff the $350 filing fee incurred to initiate the district court litigation and the $455 to initiate the appellate action, unless said costs were advanced on Plaintiff's behalf pursuant to Fla. R. Prof. Conduct 4-1.8(e).

17

Thus, upon due consideration, the Court finds a fee of $13,365.17 (20.5 hours in 2008 x $171.45/hour, plus 55.1 hours in 2009 x $170.89/hour, plus 2.5 hours in 2010 x $173.76/hour) for 78.1 hours expended on this case is reasonable.  The Court further finds $805 in costs are reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      Plaintiff's Petition for Attorney's Fees (Doc. #20) is **GRANTED as stated above**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $13,365.17 for the EAJA attorney fees and $95.40 in expenses taxed under 24 U.S.C. § 2412(d), plus $805 in costs to be taxed under 28 U.S.C. § 2412(a).

**DONE AND ORDERED** at Jacksonville, Florida this 25th   day of January, 2011.

Copies to all counsel of record

_Thomas E. Morris_

**THOMAS E. MORRIS**
United States Magistrate Judge

18